**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

RAYMOND L. BARTEE, SR.           *

Plaintiff                   *

v                         *          Civil Action No. JKB-15-3319

JOHN J. HOFFMAN,          *
JOHN C. PORTO,
AKEEL A. QURESHI,        *
DARRELL M. FINEMAN, and
PATRICIA M. WILD         *

Defendants              *

                          ***

## MEMORANDUM

The above-captioned complaint was filed on October 30, 2015, together with a motion to proceed in forma pauperis. Because he appears to be indigent, plaintiff's motion shall be granted. For the reasons stated below, the complaint must be dismissed.

The forty-seven page complaint appears to concern events surrounding plaintiff's arrest in New Jersey during which he claims his hand was injured. It is unclear if any of the named defendants include police officers involved in plaintiff's arrest and it is equally unclear if the underlying criminal case has been tried. Two of the named defendants are judges who issued orders in the context of plaintiff's criminal case, one of which required a psychiatric evaluation to determine his competency to stand trial. Plaintiff repeatedly states that there is no victim to the crime and there can be no crime if there is no victim. He takes the position that the State cannot be the victim of a crime and that the defendants have engaged in fraud by not processing his case the way plaintiff appears to believe it should be. In addition, plaintiff maintains that because his psychiatric evaluation included a physical examination the State has sponsored his

rape. Plaintiff makes mention that he is a Sovereign Citizen and claims there is no such thing as a license to practice law. The self-represented pleadings make several references to biblical text as well as other linguistic observations not germane to any possible legal claims that remain well hidden and disguised in the disjointed diatribe. ECF 1.

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaug*h, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz v. Friend*, 599 U.S. 77, 95, 130 S.Ct. 1181, 1194 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

A complaint that is totally implausible or frivolous may be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198 (2000); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988)(federal district judge has authority to dismiss a frivolous suit on his own initiative). The claims asserted against defendants Porto and Wild for decisions issued in their capacity as judges are barred by the doctrine of judicial immunity and are therefore frivolous. *See Forrester v. White*, 484 U.S. 219, 226–27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious,

would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").

As for the remaining defendants, this court is not obliged to ferret through the complaint, searching for viable claims. The instant complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal under Rule 8 appropriate. *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981); *see also Spencer v. Hedges,* 838 F.2d 1210 (Table) (4th Cir. 1988). To comply with the rule, a plaintiff must provide enough detail to illuminate the nature of the claim and allow defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although district courts have a duty to construe self-represented pleadings liberally, plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented). Thus, while inartful pleading may be excused, pleadings from which no discernible factual basis for a viable claim may be gleaned are not.

Moreover, a pleading must give the court and the defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, the complaint is not a "short and plain statement," nor is it "concise and direct," and the convoluted narratives, together with the bizarre legal analysis and legal conclusions, render the complaint incomprehensible. As such it does not provide this court or any potential defendants

"fair notice" of the claims and facts upon which they are based.  Thus, the complaint must be dismissed by separate order, which follows.


November 6, 2015                                  _____/s/_____
                                                  James K. Bredar
                                                  United States District Judge